## No. 790
### CLAWSON v. DAVY et
Ohio Appeals, 5th Dist., Knox Co.

Decided April 8, 1925

997. REAL ESTATE—Where conveyed by and later re-conveyed to heir, in both cases for valuable consideration, title becomes one of purchase and loses its ancestoral quality.

HOUCK, J.

William Gilmore died intestate in 1902 leaving his widow Mary Gilmore, the sole heir at

## STATE COURT OF APPEALS—Continued

law, surviving, and seized in fee simple of certain lands and tenements all of which came to him by purchase.

The widow later intermarried with one William Harwood who preceded her in death without issue. Mrs. Harwood thereafter deeded to her brothers and sisters all her real estate. A short time afterward, the real estate was re-conveyed to Mrs. Harwood, the consideration being "one dollar and other good and valuable considerations."

Mary Harwood died Oct. 31, 1922, leaving a will which Maggie Clawson, who is a niece of the testatrix's first husband, contested in the Knox Common Pleas. Ezra Davy contended that Clawson had no interest in the estate or will and had no legal right to contest it. The court found in favor of Davy and dismissed Clawson's petition. Error was prosecuted and the question presented by Clawson was whether any conveyance or re-conveyance of real estate destroys the ancestoral quality in inheritance. Davy contended that any conveyance and re-conveyance for expressed valuable consideration of a dollar destroys the ancestoral character. The Court of Appeals held:

1. If Maggie Clawson is an "interested party", under 12079 GC. the judgment of the lower court should be reversed, otherwise affirmed.

2. "Where ancestoral real estate is conveyed by quit-claim deed, based upon a valuable consideration, and afterwards the same real estate is re-conveyed to the person who first conveyed it, and the deed of re-conveyance recites a valuable consideration, the title thereby conveyed becomes one of purchase, and the same loses its ancestoral quality". Hasse v. Morrison et, 110 OS. 153.

3. Since the rule laid down in the foregoing case is applicable to the one at bar, Clawson has no case.

Judgment of Common Pleas affirmed.

Attorneys—C. H. Workman and W. F. Voegle, Mansfield, for Clawson; W. J. Sperry, and Columbus Ewalt, Mt. Vernon, for Davy.